UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XHEM HOTI,<br><br>                    Plaintiff,<br><br>        -against-<br><br>BUREAU OF PRISONS; FNU BROWN;<br>DEPT HEALTH HUMAN SERVICES,<br><br>                    Defendants. | 22-CV-5762 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in the United States Penitentiary Coleman II ("USP Coleman II"), which is located in Sumterville, Florida, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights in USP Coleman II. Named as Defendants are the Federal Bureau of Prisons, USP Coleman II Warden Brown, and the U.S. Department of Health and Human Services. Plaintiff does not provide addresses for any of the Defendants. For the following reasons, this action is transferred to the United States District Court for the Middle District of Florida.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff does not plead the residence of any of the defendants, but he asserts that the alleged events giving rise to his claims occurred at USP Coleman II, which is located in Sumter County, Florida, which falls within the Middle District of Florida. *See* 28 U.S.C. § 89(b). Because it is unknown where Defendants reside,[1] it is unclear whether venue is proper in either this District or the Middle District of Florida under Section 1391(b)(1). Even if the Court did assume that Defendants reside in this District and that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred at USP Coleman II, venue would also be proper in the Middle District of Florida under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the

---

[1] While Defendants Bureau of Prisons and U.S. Department of Health and Human Services may maintain offices in this District, it is doubtful that Warden Brown, who is employed at USP Coleman II in Florida, resides in New York.

plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred at USP Coleman II, in Sumpter County, Florida, where Plaintiff is incarcerated and where Defendants likely reside, and it is reasonable to expect that all relevant documents and witnesses also would be at USP Coleman II.[2] The Middle District of Florida appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Middle District of Florida. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Middle District of Florida. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

---

[2] Plaintiff acknowledges that the events giving rise to his claims did not occur here, but states that he filed this action in this District because he was convicted and sentenced in the Southern District of New York. (*See* ECF 1, at 1.)

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 8, 2022
        New York, New York

                    /s/ Laura Taylor Swain
                    LAURA TAYLOR SWAIN
                    Chief United States District Judge